```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                              Case No. 2:08-cv-184-FtM-99SPC

TRACT J33-55, 1.25 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, LEON E. MCCORMICK, ET AL.,

                Defendant.
_____

**OPINION AND ORDER**

     This matter came before the Court on October 13, 2009, for a bench trial on the matter of just compensation in 33 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71.1. No property owner or claimant appeared at trial except for Mr. Milton Kent in Case Number 2:08-cv-245-FTM-99DNF and Mr. Kenneth Brown in Case Number 2:08-cv-256-FTM-29SPC. Both Mr. Kent and Mr. Brown testified.

     The Court heard testimony from John R. Underwood, Jr., President and owner of Appraisal and Acquisition Consultants, Inc. since 1983, who testified on behalf of the government regarding the appraised value of the parcels of land subject to condemnation proceedings. Mr. Underwood started his career as an appraiser in 1971 working for First Federal Savings & Loan of Lake Worth, Florida. Mr. Underwood received training from the Society of Real

Estate Appraisers, and the Appraisal Institute. Mr. Underwood received his MAI (general) designation in 1981, which requires a minimum of 5 years experience and peer review, and his SRA (residental) designation in 1979, from the Appraisal Institute. In compliance with continuing education obligations, Mr. Underwood must complete 30 hours every 2 years for the State of Florida and 100 hours every 5 years for the Appraisal Institute to maintain the designations. Mr. Underwood has previously testified and was qualified as an expert in excess of 100 times, over approximately 50 cases in condemnation cases, including on behalf of homeowners. Mr. Underwood has appraised office buildings to wetlands, and has conducted about 1000 appraisals in the everglades and 200 in the Big Cypress project. The Big Cypress National Preserve was established in the early 1980s to protect flora and fauna. An expansion of Big Cypress was Congressionally authorized.

Mr. Underwood testified as to the common characteristics of the land as: (1) wetlands; (2) similarly zoned; (3) difficult to access; and (4) all located in the expansion area. Appraisal was conducted by air to determine market value using a sales comparison approach after rejecting the cost and income approaches as inappropriate. The market value was determined by comparing to sales in the Fakahatchee Strand, where the market is limited, the values range from a low of $800.00 to a high of $2,000.00, and sales were by negotiation with the State. The subject tracts all have the highest and best use of passive recreational, meaning the

land can be enjoyed but regulations prohibit development.  No taking has yet occurred in any of these cases.  The oil and gas rights were not and will not be taken as part of the tracts of land, however, the mineral rights will be taken even though no commercial viability is known.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES:**

1.   The Plaintiff has the right to condemn the subject properties for the public purpose set forth in the Complaints in Condemnation.

2.   Just Compensation for the taking of the fee simple title to Property, is **$1,500.00 per acre,** rounded up to the nearest 100, for a total value of **$1,900.00**.  Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the institution and prosecution of this action and taking of the subject properties.

3.   Plaintiff will deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order.  The Clerk shall administratively close the file pending the entry of final judgment.

4.   On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property.  Upon making such deposit, Plaintiff

will timely notify the Court and move for a final judgment of condemnation by filing a motion.

5. The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6. The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a **zero balance** so that the case may be closed.

7. In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America or the National Park Service, as appropriate.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of October, 2009.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Kyle Scott Cohen, AUSA
Counsel of Record
Parties of record

Intake
Finance